### LTV STEEL a/k/a Republic Steel, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (GARRETT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.

Decided Aug. 18, 1998.

Edward A. McFarland, Pittsburgh, for petitioner.

Catherine N. Wojciechowski, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue, which is one of first impression, is whether LTV Steel (Employer) has standing to seek reimbursement under Section 306.1 of the Workers' Compensation Act (Act),[1] commonly known as the Subsequent Injury Fund (Fund). Employer seeks reimbursement for payments made to Louis Garrett (Claimant) that might have been the responsibility of the Fund if Claimant had petitioned the Fund for benefits. We conclude that Employer does not have standing to petition for reimbursement from the Fund, and the order of the Workers' Compensation Appeal Board (Board) is affirmed.

The relevant facts are as follows. On September 28, 1970, Claimant suffered a work injury that required the amputation of his right foot. Claimant was awarded specific

---

9. Campbell did not raise this issue before the Commission.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 516. Section 306.1 was added by Section 1 of the Act of May 29, 1945 P.L. 1186.

loss benefits under Section 306(c) of the Act, 77 P.S. § 513. According to the benefit schedule, Employer's obligation to make payments to Claimant for this specific loss injury expired on August 20, 1973. At that point in time, Claimant was eligible to petition the Fund for continuing benefits but did not do so.[2]

On March 16, 1993, after having made payments to Claimant for 20 years beyond its obligation to do so, Employer filed a petition for termination. In the petition, Employer also alleged that the Fund is liable for all benefits paid from Employer to Claimant after August 20, 1973 and requested reimbursement from the Fund for all such payments. The Fund was not a party to the 1993 litigation.

By order dated September 10, 1993, the Workers' Compensation Judge (WCJ) granted Employer's petition for termination, retroactively effective August 20, 1973, and also ordered that, effective that same date, the Fund assumed responsibility for all benefit payments made by Employer to Claimant. Accordingly, the WCJ ordered that the Fund reimburse Employer for all benefit payments made by Employer to Claimant from August 20, 1973 to the present time, with interest at ten percent (10%).

The Fund appealed to the Board, alleging that Employer has no standing to petition for benefits from the Fund; that any such claim for benefits, even if permitted, is barred by the statute of limitations; and that the Fund was prejudiced by not being made a party to the prior litigation. By decision dated April 17, 1995, the Board remanded the case to the WCJ to determine whether the Fund was prejudiced by not being made a party to the prior proceeding.

The WCJ, in his second decision, dated January 5, 1996, determined that the Fund was not prejudiced by not participating in the prior litigation because any defenses it might have raised are issues of law that can be adequately addressed on appellate review. The WCJ granted Employer's petition for termination and, more significantly, held that Employer's claim for reimbursement from the Fund, pursuant to Section 306.1, is not barred by the statute of limitations[3] and that Employer does have standing to file a claim under Section 306.1.

The Fund again appealed to the Board. By order dated November 3, 1997, the Board affirmed that portion of the WCJ's decision granting Employer's petition for termination but reversed the portion ordering the Fund to reimburse Employer for all payments made by Employer to Claimant from August 20, 1973 to the present time.

Employer now appeals the Board's denial of reimbursement from the Fund,[4] arguing that, pursuant to Section 315, 77 P.S. § 602, the statute of limitations on its petition for reimbursement never began to run because it has continued to pay benefits to Claimant from 1970 to the present day, thus tolling the

---

2. Claimant's left leg was amputated in 1959. A claim for benefits from the Fund can be made when an employee, who already suffers a permanent partial disability from the loss of use of an appendage or eye (whether work-related or otherwise), subsequently incurs a totally disabling work injury that results in the loss of use of another appendage or eye. The purpose of the Fund is to continue to compensate the disabled employee after the employer's compensation obligation has expired.

3. Section 306.1, 77 P.S. § 516, states that "[a]ll claims for additional compensation [from the Fund due to a subsequent loss of an appendage or eye by one having suffered a previous similar loss] shall be forever barred unless the employe shall have filed a petition therefore ... within the same time as provided in Section 315...." Section 315, 77 P.S. § 602, provides that the three-

year statute of limitations on a claim for compensation does not begin to run where "payments of compensation have been made in any case" until such payments by an employer have ceased. Thus, the WCJ held that, because Employer has continuously made payments to Claimant from 1970 to the present time, the statute of limitations *never* began to run on Employer's claim under Section 306.1. Because we have concluded that Employer has no standing to file a petition under Section 306.1, we need not and do not address the statute of limitations issue.

4. Our review is limited to determining whether constitutional rights were violated, errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Volterano v. Workmen's Compensation Appeal Board*, 536 Pa. 335, 639 A.2d 453 (1994).

statute of limitations.[5] The Fund argues that Employer has no standing to file a petition under Section 306.1 and, even if it did, Employer's benefit payments to Claimant after the expiration of the specific loss period (i.e., after August 20, 1973) did not toll the statute of limitations. We agree with the Commonwealth that Employer has no standing to file a petition under Section 306.1, and therefore need not, and do not, reach the issue of the tolling of the statute of limitations.

In construing the meaning of a statute, we must observe the rules of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, unless doing so would result in an interpretation that is inconsistent with the intent of the General Assembly. *Pennsylvania Association of Milk Dealers v. Pennsylvania Milk Marketing Board,* 685 A.2d 643 (Pa.Cmwlth.1996). Two such rules are set forth in 1 Pa.C.S. § 1903(a) and § 1921(b), which mandate that the words of a statute be construed according to their plain and common meaning where they are clear and free from ambiguity. *Id.* One such word appears in a key passage of Section 306.1, as follows:

> After the cessation of payments by the employer for the period of weeks prescribed in clause (c) of Section 306, for the subsequent injury, additional compensation shall be paid during the continuance of total disability.... This additional compensation shall be paid by the department out of the subsequent injury fund.... All claims for such additional compensation shall be forever barred unless *the employee* shall have filed a petition therefor with the department....

77 P.S. § 516 (emphasis added). Because the statute clearly and unambiguously states that all claims for compensation from the Fund must be filed by "the employe," we conclude that an *employer* does not have standing to file a petition for benefits from the Fund.

Furthermore, common sense dictates that an employer has no standing to file a claim for benefits from the Fund, particularly under the facts of this case. In this case, Claimant was awarded specific loss benefits in 1970 that were to be paid by Employer until August 20, 1973. Upon the expiration of Employer's obligation on that date, Claimant had the option to petition the Fund for continuing benefits under Section 306.1. For reasons unknown, Employer continued to pay benefits to Claimant for an additional twenty (20) years and Claimant never petitioned for benefits from the Fund. However, Employer now argues that the Fund should reimburse it for its payments to Claimant because Claimant was eligible to file for benefits from the Fund in 1973. Employer's predicament is not the Fund's responsibility, and it cannot expect the Fund to "bail it out" because it failed to cease making payments to Claimant when its obligation to do so expired on August 20, 1973.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 18th day of August, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**5.** See footnote 3 for a brief discussion of the tolling of the statute of limitations applicable to

Section 306.1.